

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. Thomas F. Glover
District Attorney
50th Judicial District
Seymour, Texas

Dear Sir:

Opinion No. O-6318
Re: Whether the County Tax
Assessor-Collector of the
county, who is also the Tax
Collector for an incorporated
city or town within the coun-
ty, is required by law to ac-
count for fees received as
city tax collector, as fees of
office, and to pay over the
excess, if any, to the county.

Your letter of December 15, 1944, requesting the opinion of this department on the question stated therein, is as follows:

"Please give me an opinion on the following question:

"Where the duly elected, qualified and acting Tax Assessor-Collector of a County is also the Tax Collector for an incorporated city or town within said County, is he or not required by law to account for the fees received as City Tax Collector as fees of office, and pay over the excess, if any, to the county?"

For the purposes of this opinion, we assume that the city or town in question has availed itself of the privilege of requiring the County Tax Assessor-Collector to collect the city taxes under the applicable provisions of Art. 1042b, Vernon's Annotated Civil Statutes. We also assume that the county officials of the county involved are compensated on a fee basis for their official services rather than on an annual salary basis.

Hon. Thomas F. Glover, page 2

Article 3891, Vernon's Annotated Civil Statutes, pertaining to the disposition of fees, provides in part:

". . . The compensations, limitations, and maximums herein fixed in this Act for officers shall include and apply to all officers mentioned herein in each and every county of this State, and it is hereby declared to be the intention of the Legislature that the provisions of this Act shall apply to each of said officers, and any special or general law inconsistent with the provisions hereof is hereby expressly repealed in so far as the same may be inconsistent with this Act.

"The compensation, limitations and maximums herein fixed shall also apply to all fees and compensation whatsoever collected by said officers in their official capacity, whether accountable as fees of office under the present law, and any law, general or special, to the contrary is hereby expressly repealed. The only kind and character of compensation exempt from the provisions of this Act shall be rewards received by Sheriffs for apprehension of criminals or fugitives from justice and for the recovery of stolen property, and moneys received by County Judges and Justices of the Peace for performing marriage ceremonies, which sum shall not be accountable for and not required to be reported as fees of office."

When the Tax Assessor-Collector collects the taxes of and for the city or town involved where there is no office of city tax assessor-collector, the county tax assessor-collector is holding only one office which is the office of county tax assessor-collector, and in collecting the taxes for the city or town involved, he is only performing additional duties imposed upon him by statute.

In the case of Taylor, et al, v. Brewster County, 144 S. W. (2d) 314, it was held, among other things, that fees received by a sheriff (who was also acting as tax assessor-collector of the county), for assessing and collecting taxes for independent school districts belong to the sheriff, subject to his duty to account therefor to the county under the fee bill. (Also see the case of Nichols v. Galveston County, 228 S. W. 547).

Hon. Thomas Y. Glover, page 3

You are respectfully advised that it is the opinion of this department that it is the duty of the County Tax Assessor-Collector who collects taxes for a city or town to account for the fees received from such city or town for his services. Stated differently, such fees received from the city or town for collecting taxes are fees of office and must be accounted for to the county under the fee bill.

As heretofore stated, assuming that the County Tax Assessor-Collector is compensated on a fee basis, in arriving at his maximum compensation under Articles 3883 and 3891, V. A. C. S., the fees received by him for collecting taxes for the city or town in question must be included in arriving at his maximum compensation. When the County Tax Assessor-Collector has received any amount in excess of the maximum compensation allowed by Articles 3883 and 3891, V. A. C. S., he is required to pay the amount in excess of his maximum compensation to the county.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Ardell Williams
Ardell Williams
Assistant

AW:rt





APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN